Citation Nr: 1532784 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 11-01 277 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for bilateral hearing loss disability.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

K. Haddock, Counsel 







INTRODUCTION

The Veteran had active military service from February 1967 to February 1969. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a September 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. In the November 2010 substantive appeal, the Veteran requested that he be afforded a hearing before a member of the Board. He was scheduled for his requested hearing in December 2014 but was unable to report for his requested hearing. As he has not requested that his hearing be rescheduled, his hearing request is deemed to have been withdrawn. 

In January 2015, the Board remanded the Veteran's appeal for further development. The case has now been returned to the Board for further appellate action.

The Veteran perfected an appeal of the claim for service connection for tinnitus. This issue was remanded by the Board in January 2015 for further development. In a May 2015 rating decision, service connection for tinnitus was granted. There is no indication from the record that the Veteran has disagreed with the rating or effective date assigned in that decision. Therefore, the benefit sought on appeal has been granted in full, and the Board has limited its consideration accordingly. 


FINDING OF FACT

Bilateral hearing loss disability is etiologically related to acoustic trauma sustained in active service.


CONCLUSION OF LAW

Bilateral hearing loss was incurred in active service. 38 U.S.C.A. §§ 1110, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.385 (2014).

REASONS AND BASES FOR FINDING AND CONCLUSION

Legal Criteria

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. For the purpose of applying the laws administered by VA, impaired hearing will be considered a disability when the auditory threshold for any of the frequencies of 500, 1000, 2000, 3000 and 4000 Hertz is 40 decibels or greater; the auditory thresholds for at least three of these frequencies are 26 decibels or greater; or speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385 (2014).

When there is an approximate balance of positive and negative evidence on an issue material to a determination, VA resolves reasonable doubt in favor of the claimant. 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. § 3.102 (2014); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996). 

Analysis

The Veteran asserts that he has bilateral hearing loss disability as a result of acoustic trauma sustained in active service. Specifically, he reports that he was regularly exposed to hazardous noise in the course of his duties as a light weapons infantryman and gunner. He reported having been exposed to large and small arms fire and explosions. 

According to the service personnel records (SPRs), the Veteran was in fact a light weapons infantryman and gunner during his active service. Given his military occupational specialty (MOS) during service, the Board concedes his exposure to acoustic trauma while in active service. 

The Veteran's service treatment records (STRs) are silent for treatment for, or complaints of, hearing problems while he was in active service. Further, he did not have hearing loss for VA purposes at any time during his active service. Regardless, the Veteran has asserted that he first experienced symptoms of decreased hearing acuity while he was in active service and that those symptoms have continued since service. Heuer v. Brown, 7 Vet. App. 379 (1995); Falzone v. Brown, 8 Vet. App. 398 (1995); Caldwell v. Derwinski, 1 Vet. App. 466 (1991). Also, the Board finds the Veteran to be credible.

Review of the post-service medical evidence reveals audiometric testing results showing the Veteran to have bilateral hearing loss disability for VA purposes at least as early as July 1989, prior to starting employment at the Red River Army Depot. 38 C.F.R. § 3.385. 

At a July 2010 VA audiology evaluation, the Veteran reported the noise exposure described above. The examiner diagnosed bilateral sensorineural hearing loss and noted that an opinion regarding the etiology of the Veteran's hearing loss could not be provided without resorting to speculation. In this regard, the examiner explained that the Veteran described a history of noise exposure during active service but that his discharge examination revealed hearing well within normal limits and without adverse threshold shifts. 

The Board acknowledges that an examiner's statement, which recites the inability to come to an opinion, provides neither positive nor negative support for service connection; therefore, it is not pertinent evidence regarding service connection. Fagan v. Shinseki, 573 F.3d 1282 (Fed. Cir. 2009). Further, in order to rely upon a statement that an opinion cannot be provided without resort to mere speculation, it must be clear that the procurable and assembled data was fully considered, and the basis for the opinion must be provided by the examiner or apparent upon a review of the record. Jones v. Shinseki, 23 Vet. App. 382 (2010).

Here, in an April 2015 VA addendum medical opinion, the same VA examiner who had conducted the July 2010 examination opined that it was less likely as not that the Veteran's hearing impairment was related to his active service. In this regard, the examiner explained that the Veteran's induction and separation audiograms did not reveal any adverse shifts in the Veteran's hearing acuity. 
The Board finds that the July 2010 and April 2015 VA opinions are inadequate. In this regard, in July 2010, the VA examiner was unable to provide an opinion without resorting to speculation on the basis that there were no STRs identifying the presence of hearing impairment at separation. In April 2015, this same VA examiner based his negative opinion on the absence of medical records in service. However, the absence of medical records cannot be the sole basis for a negative etiological opinion, especially when a veteran, as is the case here, has competently reported that he first experienced hearing impairment in service and that those symptoms have continued since separation from service. For those reasons, the July 2010 and April 2015 opinions are not adequate bases for a denial of entitlement to service connection for bilateral hearing loss. 

Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. In fact, competent medical evidence is not necessarily required when the determinative issue involves either medical etiology or a medical diagnosis. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F .3d 1331 (Fed. Cir. 2006). Here, the Veteran is competent to identify reduced hearing acuity, and his statements have been found credible. 

In sum, the Board concedes that the Veteran had noise exposure in active service. The VA medical opinions of record are not competent opinions against the claim for service connection for bilateral hearing loss, as they do not consider all the pertinent facts and do not provide complete, thorough, and detailed rationales supporting the conclusions reached. The Veteran has competently and credibly reported a decrease in hearing acuity during service (following noise exposure). He has also credibly asserted a continuity of relevant symptomatology since service. In addition, he has current diagnoses of hearing loss in both ears that constitutes a disability for VA purposes. See 38 C.F.R. § 3.385 (2014).

Accordingly, the Board finds that the evidence both for and against the claim of entitlement to service connection for bilateral hearing loss is at least in equipoise. Therefore, reasonable doubt must be resolved in favor of the Veteran, and entitlement to service connection for bilateral hearing loss is warranted. 38 U.S.C.A. § 5107(b) (West 2014); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to service connection for bilateral hearing loss disability is granted.



____________________________________________
THERESA M. CATINO
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs